## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **RICKEY HARRELL AND JOYCE HARRELL,** | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| v. | ) Case No.: 4:12-CV-569-VEH <br> ) |
| **G4S SECURE SOLUTIONS, INC., FORMERLY KNOWN AS WACKENHUT CORP.,** | ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Plaintiffs Rickey Harrell ("Mr. Harrell") and Joyce Harrell ("Ms. Harrell") initiated this personal injury action arising under state law against Defendant G4S Secure Solutions, Inc. ("G4S") on February 16, 2012. (Doc. 1). The lawsuit stems from a motor vehicle collision which occurred on November 25, 2009, in Las Cruses, New Mexico. (Doc. 1 ¶ 6).

Pending before the court is G4S's Motion To Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 7) (the "Motion") filed on March 13, 2012. Plaintiffs filed their opposition (Doc. 11) to the Motion on March

27, 2012.  On April 3, 2012, G4S followed with its reply.  (Doc. 12).  Accordingly, the Motion is now under submission, and, for the reasons explained below, is **GRANTED** as to the dismissal of count two only with leave for Plaintiffs to file an amended complaint.

## II.  Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.  Analysis

Plaintiffs' complaint contains four counts. (Doc. 1 at 2-6). In its Motion, G4S seeks a dismissal of count two for wantonness, including the accompanying claim for punitive damages. (Doc. 7 at 1). The court addresses the merits of the Motion below.

### A. Choice of Law

As a preliminary matter, G4S contends (and Plaintiffs do not dispute) that pursuant to the doctrine of *lex loci delicti*, Alabama choice of law rules require this court to apply New Mexico law to the claims being pursued in this case. (Doc. 7 at 5-6). *See Fitts v. Minnesota Min. & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991) ("Under *lex loci delicti*, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred."). The court agrees that New Mexico law governs the parties' substantive rights and defenses in this diversity action.

### B. Wantonness Claim

Regarding wantonness, Plaintiffs plead:

> 9. The Plaintiffs adopt and aver every paragraph above as if fully set forth herein and further allege that the conduct of the Defendant's Agent was intentional or otherwise rises to the level of wanton conduct.
>
> 10. That due to the wantonness of the Defendant, Plaintiffs Rickey Harrell and Joyce Harrell have suffered damages as described above.

(Doc. 1 ¶¶ 9-10). G4S maintains that Plaintiffs' allegations pertaining to wantonness are insufficient pursuant to *Twombly* and *Iqbal* because Plaintiffs point to no facts which might make such a claim plausible under New Mexico law.

Plaintiffs respond to the contrary that they have alleged sufficient facts to

support a wantonness theory, including "Defendant's Agent caus[ing] the bus he was operating for Defendant to come to a complete stop on Interstate-10 in Las Cruses, Dona Ana County, New Mexico." (Doc. 1 ¶ 6). Paragraph 9 of Plaintiffs' wantonness count incorporates the contents of paragraph 6.

New Mexico Uniform Jury Instructions pertaining to punitive damages define wanton conduct as "the doing of an act with utter indifference to or conscious disregard for a person's [rights] [safety]." N.M. Stat. Ann., Civ. UJI 13-1827 (2011); *see also State v. Mascarenas*, 4 P.3d 1221, 1224 (N.M. 2000) (comparing criminal negligence to reckless, wanton, and willful conduct and contrasting with legal standard applicable to civil negligence). As the Supreme Court of New Mexico has explained wantonness:

> The term "wanton," as used in our punitive damages instruction, suggests a similar quality of wrongfulness when the evidence demonstrates conduct committed <u>without concern for the consequences, rather than intentionally</u>, and connotes an "utter indifference to or conscious disregard for the rights of others." *See Curtiss v. Aetna Life Ins. Co.*, 90 N.M. 105, 108, 560 P.2d 169, 172 (Ct. App.), *cert. denied*, 90 N.M. 7, 558 P.2d 619 (1976).

*Romero v. Mervyn's*, 784 P.2d 992, 999 (N.M. 1989) (emphasis added).

Having studied Plaintiffs' pleading and considered both sides' arguments, the court concludes that Plaintiffs have asserted enough facts to plausibly support a

wantonness claim.[1] Therefore, the Motion is **DENIED** as to Plaintiffs' wantonness claim.

### C. Punitive Damages Claim

G4S also argues that because Plaintiffs are relying solely upon the alleged mental culpability of its agent driver without linking that fact to any element of legally cognizable corporate blameworthiness, they are unable to sustain their claim for punitive damages in count two. (Doc. 7 at 8-11). G4S is correct that not all wanton acts by an agent will vicariously subject an employer to a claim for punitive damages under New Mexico law. *See, e.g., Grassie v. Roswell Hosp. Corp.*, 258 P.3d 1075, 1086 (N.M. App. 2010) ("Prior to *Clay*, imposition of punitive damages on an employer—particularly a corporation—required either (1) proof that the employee-tortfeasor possessed and was exercising managerial capacity, or (2) the employer through other managerial employees ratified, accepted, or acquiesced in the conduct of the tortfeasor.") (internal citation omitted); *id.* ("*Clay* provided an alternative method of proving a culpable mental state on the part of the employer.").

Plaintiffs responds:

> As conceded by the Defendant, under New Mexico law a corporation can be liable for punitive damages for the acts of its agents.

---

[1] G4S has offered no controlling New Mexico authority in which coming to a complete stop on a federal interstate cannot plausibly state a claim for wantonness.

> The Supreme Court of New Mexico has made clear that a corporation can be held liable for punitive damages where, as in the present case, "the 'cumulative conduct' of employees may demonstrate corporate recklessness." *Clay v. Ferrellgas, Inc.*, 118 N.M. 266, 270 (1994).

(Doc. 11 at 4) (footnote omitted). Plaintiffs then contend that "the risky conduct of Defendant's agent, alone or coupled with the alleged conduct of other of Defendant's agents in entrusting the bus to the Defendant's agent, constitutes an allegation of 'cumulative conduct' sufficient to survive the Motion to Dismiss at this stage of the case. (Doc. 11 at 4-5). Plaintiffs' negligent entrustment allegations appear separately in count three of their complaint, immediately after their wantonness allegations. (Doc. 1 ¶¶ 11-13).

In its reply, G4S urges that *Clay* is a narrow exception, but cites to no authority to support such a proposition. *Cf. Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Having considered Plaintiffs' complaint and the parties' competing positions in the context of the non-dispositive stage of this litigation, the court concludes that

while Plaintiffs may potentially rely upon *Clay* as a basis to maintain a punitive damages award for wantonness under count two, as presently pled, Plaintiffs' wantonness count does not allege or show cumulative conduct such that seeking punitive damages against G4S premised upon the *Clay* standard might be proper. Instead, count two impermissibly relies exclusively upon the conduct and mental state of one G4S driver without asserting any appropriate avenue under which punitive damages might be permissible pursued against G4S vicariously. Therefore, the Motion is **GRANTED** with leave for Plaintiffs to replead their punitive damages claim related to their wantonness count consistent with the cumulative conduct or other vicarious liability standard applicable to punitive damages under New Mexico law.

## IV.   Conclusion

Accordingly, for the reasons explained above, G4S's Motion is **DENIED** as to Plaintiffs' claims for wantonness and is **GRANTED** as to Plaintiffs' punitive damages claim. However, Plaintiffs are simultaneously **GRANTED** leave to file an amended complaint that seeks a recovery for punitive damages against G4S consistent with the above rulings no later than May 31, 2012.

**DONE** and **ORDERED** this the 14th day of May, 2012.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge