FILED
2013 Mar-08  PM 01:44
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| RICKEY HARRELL AND JOYCE HARRELL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **Case No.: 4:12-CV-569-VEH** |
| | ) |
| G4S SECURE SOLUTIONS (USA) INC., | ) ) |
| | ) |
| Defendant. | ) |

---

## MEMORANDUM OPINION

### I.    Introduction

Invoking this court's diversity jurisdiction, Plaintiffs Rickey and Joyce Harrell (the "Harrells") initiated this personal injury action on February 16, 2012.  (Doc. 1). Pending before the court is the Harrells' Motion for Voluntary Dismissal Without Prejudice (Doc. 28) (the "Dismissal Motion") filed on February 4, 2013, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

On February 18, 2013, Defendant G4S Secure Solutions (USA), Inc. ("G4S") filed its opposition (Doc. 30) to the Dismissal Motion as well as a Motion for Summary Judgment.  (Doc. 31).  The Harrells followed with their reply (Doc. 34) on February 25, 2013.  Accordingly, the Dismissal Motion is now under submission and,

for the reasons stated below, is due to be granted.

## II.    Standard

Rule 41(a) of the Federal Rules of Civil Procedure governs voluntary dismissals of an action.  Rule 41(a)(2) expressly provides:

> **(2) *By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. <u>Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.</u>

Fed. R. Civ. P. 41(a)(2) (emphasis added).

A district court's decision to dismiss pursuant to Rule 41(a)(2) is a discretionary one. *See McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986) ("Rather, the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." (citing *American Cyanamid Company v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963))).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

### III.   Analysis

The accident which gives rise to the Harrells' lawsuit occurred in New Mexico.

As the Harrells explain in their Dismissal Motion:

> Recent research in this case revealed that, although the substantive law of the State of New Mexico applies to Plaintiffs' claims, Statute of Limitations in this case would likely be considered procedural and, therefore, Alabama's two (2) year Statute of Limitations would be applied to Plaintiffs' negligence claims. *Thomas v. FMC Corporation*, 610 F. Supp. 912, 915 (M.D. Ala. 1985); *Cofer v. Ensor*, 473 So. 2d 984, 987 (Ala. 1985).

(Doc. 28 at 2).  Thus, in filing their Dismissal Motion, the Harrells seek to avoid the

potential extinguishment of their claims by virtue of the applicable Alabama statute

of limitations.

Citing *Gulf States Steel, Inc. v. Lipton*, 765 F. Supp. 696, 699 (N.D. Ala. 1990),

*aff'd*, 934 F.2d 1265 (11th Cir. 1991), G4S opposes any order of dismissal.

Alternatively, G4S asks for the following conditional relief:

> In accordance with *McCants* and *Paul*, to the extent this Court grants Plaintiffs' Motion for Voluntary Dismissal, G4S respectfully requests that this Court condition such a dismissal on payment of G4S's costs and attorney's fees incurred in this action in the event Plaintiffs re-file their claims in another forum.  G4S does not seek all of its costs and attorney's fees incurred in this action, the total amount of which are set forth in the Affidavit of David A. Rich.  Instead, G4S seeks fees and costs incurred in the defense of this case as those fees relate to services other than non-expert discovery that will or may need to be duplicated, which can be outlined and broken down with specificity in the event this Court grants, and to the extent required by this Court's ruling on,

3

Plaintiffs' motion for voluntary dismissal. G4S also requests that the Court Order that non-expert discovery that has been completed in the case, to the extent it can be used in a subsequent proceeding (which will necessarily be determined by the allegations of any re-filed action and the applicable choice of law rules in the forum in which the action is re-filed), be available for use.

(Doc. 30 at 14-15 (footnote and citation omitted)).

The court has studied both sides' positions and finds, consistent with the highly comparable and controlling *McCants* opinion,[2] that granting the Harrells' Dismissal Motion is the appropriate course of action. *See McCants*, 781 F.2d at 857 ("In this case, appellant argues it will suffer plain legal prejudice as a result of the district court's dismissal without prejudice, as it will lose the complete defense it claims it is afforded by the applicable statute of limitations in Alabama."); *see also id.* at 856-57 ("As we have noted previously, however, in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976))). In sum, the harm caused to G4S in granting the Dismissal Motion (*i.e.*, defending against another lawsuit initiated in a New Mexico

---

[2] Not only is *Lipton* non-binding on this court, but also the decision is significantly distinguishable because there the plaintiff attempted to obtain a voluntary dismissal only after a motion for summary judgment had been filed, and more importantly "[t]here was no legally sufficient reason to believe that another state's limitations period would apply or save plaintiff." *Lipton*, 765 F. Supp. at 699.

4

court asserting the same or similar claims) is outweighed by the harm to the Harrells in denying the Dismissal Motion (*i.e.*, the likely procedural disposal of their claims on staleness grounds).

As for conditions (and in the absence of any objection from the Harrells),[3] the court will order that any non-expert discovery which has been conducted thus far, be made available for the parties' use in any future litigation filed by the Harrells. However, for multiple reasons, the court will not condition the dismissal upon the payment of any future costs or attorneys' fees incurred by G4S.  First, the Harrells filed their Dismissal Motion in advance of G4S's Motion for Summary Judgment (in contrast to the procedural posture in *McCants*).[4]

Second, the court cannot envision how more than only a minimal amount of

---

[3]  As stated in their reply, the Harrells "concede that it would be appropriate for an order conditioning voluntary dismissal on all discovery materials in the present case being usable in any subsequent litigation." (Doc. 34 at 9 n.7; *see also id.* at 4 n.3)).

[4]  *Paul v. Georgia Southern*, No. 5:09–CV–296 (HL), 2010 WL 4639239, at *1 (M.D. Ga. Nov. 4, 2010), is significantly dissimilar too as the defendant in that decision had identified an expert witness and submitted an expert report while the plaintiff had not made any expert witness disclosure.  Further, the defendant had indicated to the court that "it was prepared to file a motion for summary judgment, which it believed would resolve the case, especially since Plaintiffs did not disclose an expert." *Id.*  Thus, the defendant in *Paul* was not only losing a statute of limitations procedural defense, but also a merits-based one tied to insufficient evidence.

overlap in expenses and time may occur with the filing of a new lawsuit.[5]  Third, this particular situation lacks any indicia of vexatiousness on the part of the plaintiffs.  *Cf. Bishop v. West American Ins. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982) ("The purpose of awarding costs under Rule 41(a)(2) is twofold:  to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation." (citing 5 J. Moore, J. Lucas, J. Wicker, *Moore's Federal Practice* §§ 41.05[1], 41.06 (2d ed. 1982))),

## IV.    Conclusion

Accordingly, the Dismissal Motion is due to be granted conditioned only upon the use of non-expert discovery in any future proceedings as stated herein.  Further, G4S's Motion for Summary Judgment is due to be termed as moot.  The court will enter a separate order.

**DONE** and **ORDERED** this the 8th day of March, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[5]  G4S has not attempted to provide this court with a list of what these redundant legal services and costs might be, and as such, its alternative request for relief is underdeveloped.  Of course, receiving additional submissions from the parties on the issue of potential duplication in fees and costs will only add to the overall amount of attorney time invested into this lawsuit.